IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL HOY,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC, et al.,

    Defendants.

Case No. 3:16-cv-502

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS (DOC. #7), DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS (DOC. #14), MOTION OF DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC, TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. #16), AND DEFENDANT AURORA LOAN SERVICES, LLC'S MOTION TO DISMISS (DOC. #25); DISMISSING RESPA CLAIMS WITH PREJUDICE; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER BREACH OF CONTRACT CLAIMS, AND DISMISSING THEM WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Following foreclosure proceedings and a Sheriff's sale of his home, Plaintiff, Michael Hoy, filed suit against four mortgage loan servicers alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its accompanying regulations, and asserting two breach of contract claims.

This matter is currently before the Court on motions to dismiss filed by Defendants Carrington Mortgage Services, LLC (Doc. #7), Nationstar Mortgage LLC (Doc. #14), Rushmore Loan Management Services, LLC (Doc. #16), and Aurora Loan Services, LLC (Doc. #25).

I.  **Background and Procedural History**

According to the Complaint, in October of 2006, Clinton Dalton purchased a house located on approximately 34.222 acres of land in Springfield, Ohio. The promissory note was secured by a mortgage on the property. In September of 2010, Dalton and Plaintiff, Michael Hoy, jointly assumed the loan.[1]

In February of 2011, the loan servicer, Aurora Loan Services, LLC ("Aurora") began foreclosure proceedings on the property. A Foreclosure Decree was entered on January 11, 2012. Thereafter, numerous Sheriff's sales were scheduled, but Hoy filed five separate bankruptcy proceedings, which repeatedly disrupted the sale of the property.

During this time, Hoy attempted to work with a string of mortgage loan servicers to modify the loan and keep the property. At some unspecified time, Aurora allegedly told Hoy that, if he successfully made all required payments under a temporary Loan Modification Offer, it would offer him a permanent loan modification. Hoy allegedly made all of the required payments, but did not receive the permanent loan modification documents. It was later discovered that Aurora had mailed them to the wrong address. Aurora later told Hoy that the permanent loan modification offer was no longer valid and that he would have to start the application process all over again.

Unbeknownst to Hoy, Aurora then transferred the loan servicing to Nationstar Mortgage, LLC ("Nationstar"). Nationstar sent correspondence concerning the loan to the wrong address for several months before the error was discovered. Nationstar then allegedly approved Hoy for a loan modification. According to the Complaint, in order to

---

[1] Dalton passed away in February of 2012, leaving Hoy the owner of the property and the sole obligor on the loan.

2

accept this offer, Hoy was required, within a specified amount of time, to make a one-time payment of $3,500.00, and then subsequent payments of $900.00 per month. Within the time allotted, Hoy allegedly called Nationstar to accept the offer and tender the $3,500.00 payment. Nationstar informed him, however, that it could not accept the payment, because loan servicing had again been transferred, this time to Carrington Mortgage Services, LLC ("Carrington"). Nationstar told him to contact Carrington.

Carrington refused to honor Nationstar's loan modification offer, and told Hoy that he must begin the process anew. Thereafter, in July of 2014, loan servicing was transferred to Rushmore Loan Management Services, LLC ("Rushmore"). Hoy made numerous unsuccessful attempts to contact Rushmore about modifying the loan. Ultimately, the property was sold to Aurora at a sheriff's sale on or around August 31, 2015.

On March 8, 2016, Hoy filed suit against Aurora, Nationstar, Carrington and Rushmore, alleging violations of RESPA, and breach of contract. *Hoy v. Aurora Loan Servs., LLC*, Case No. 3:16-cv-77. On June 10, 2016, the parties stipulated to a dismissal of Hoy's claims without prejudice.

Hoy re-filed the above-captioned suit on December 14, 2016. He again alleges that Aurora, Nationstar, Carrington and Rushmore violated RESPA, and that Aurora, Nationstar and Carrington are liable for breach of contract. Doc. #1. Each defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted. Docs. ##7, 14, 16, 25.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require

more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

### III. RESPA Claims (Counts One through Four)

Counts One, Two, Three and Four of the Complaint allege that Defendants' conduct in connection with his efforts to modify the loan violated RESPA, 12 U.S.C. § 2601 *et seq.*, and Regulation X, 12 C.F.R. § 1024.33(b) ("Notices of transfer of loan servicing"), § 1024.38 ("General servicing policies, procedures, and requirements"), § 1024.40 ("Continuity of contact"), and § 1024.41 ("Loss mitigation procedures"). RESPA is a consumer protection statute that governs the real estate settlement process for certain residential mortgage loans. Regulation X sets forth mortgage servicing rules for those loans.

Defendants maintain that the RESPA claims must be dismissed because the mortgage loan at issue was secured by property in excess of 25 acres, rendering the loan exempt from RESPA requirements throughout the relevant time period. *See* former 12 C.F.R. § 1024.5(b)(1). This 25-acre exemption was not eliminated from the RESPA regulations until October 3, 2015, after the sale of Hoy's property. *See* 80 F.R. 43911 (July 24, 2015) (noting that the effective date for the RESPA Amendments was being extended from August 1, 2015, to October 3, 2015).

5

Citing *United States v. Larionoff*, 431 U.S. 864 (1977), Hoy argues that even if the property was technically exempt during the relevant time period, the RESPA regulations should apply anyway, because the 25-acre exemption is inconsistent with the purposes of RESPA. In *Larionoff*, the Court noted that regulations are valid only if they are "consistent with the statute under which they are promulgated." *Id.* at 873.

This case, however, is distinguishable from *Larionoff*. *Larionoff* involved a special bonus provided by Congress as an incentive for reenlistment of members of the armed services whose "critical military skills" were in short supply. Shortly after enlisting for a four-year term in the Navy, Larionoff agreed to extend his enlistment so that he could participate in a training program which would entitle him to receive this special bonus after he began the period of extended enlistment. Before his initial enlistment expired, however, the Navy informed him that his training no longer qualified for the special bonus. He challenged this decision.

The regulation at issue in *Larionoff* provided that the amount of the bonus at issue was to be determined by the award level in effect on the date the service member began to *serve* the extended enlistment, instead of the award level in effect on the date he or she *agreed to* the extended enlistment. The Court found that this regulation was contrary to Congress' purpose in enacting the bonus program, which was to provide an incentive for service members to reenlist. As the Court noted, the bonus could act as an *incentive* only if the "service member could count on receiving it if he elected to remain in the service." *Id*. at 875-76. Because the regulation was inconsistent with the purpose of the statute, it was deemed invalid. *Id*. at 873.

6

The same cannot be said of RESPA's previous exemption for loans secured by property in excess of 25 acres. Hoy maintains that the 25-acre exemption is unreasonable and arbitrary, as evidenced by the Consumer Financial Protection Bureau's ("CFPB") decision to eliminate the exemption in 2015. The CFPB, however, eliminated this exemption, not because it was inconsistent with the purposes of RESPA, but "to render the [Truth in Lending Act] and RESPA regimes more consistent" and to harmonize disclosure requirements. 78 FR 79757-58. *See Warren v. Capital One, N.A.*, No. C14-0656, 2015 WL 1137517, at *4 (W.D. Wash. Mar. 12, 2015) (rejecting the argument that *Larionoff* required a finding that the 25-acre exemption was invalid as "inconsistent" with RESPA).

In eliminating the exemption, the CFPB noted that most loans secured by property in excess of 25 acres were separately exempt as loans for business, commercial or agricultural purposes. With respect to *consumer* loans secured by property in excess of 25 acres, the CFPB found that the consumers would benefit from the required disclosures just as much as those with loans secured by lesser acreage. 78 FR 79757-58 (citing 12 C.F.R. §1024.5 (b)(2)). This, however, provides no basis for reading the exemption out of the regulations.

Given that Hoy's loan was secured by property in excess of 25 acres, it was exempt from RESPA requirements during the time in question. Accordingly, Counts One, Two, Three and Four of the Complaint are DISMISSED WITH PREJUDICE. The Court need not address the other arguments raised by Defendants in connection with the RESPA claims.

## IV. Breach of Contract Claims (Counts Five and Six)

Counts Five and Six of the Complaint assert breach of contract claims against Aurora, Nationstar and Carrington. Because the Court has dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over these state law breach of contract claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 28 U.S.C. §1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). Accordingly, Counts Five and Six are DISMISSED WITHOUT PREJUDICE to refiling in state court.

## V. Conclusion

For the reasons set forth above, the Court SUSTAINS the motions to dismiss filed by Defendants Carrington Mortgage Services, LLC (Doc. #7), Nationstar Mortgage LLC (Doc. #14), Rushmore Loan Management Services, LLC (Doc. #16), and Aurora Loan Services, LLC (Doc. #25). The RESPA claims (Counts One through Four) are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over the breach of contract claims (Counts Five and Six) and DISMISSES them WITHOUT PREJUDICE to refiling in state court.

Judgment shall be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 5, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE